Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **David J Perla** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | **Lynn  Petrarca-Perla** | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** | |
| Case number: | **19-24385** | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

Western District of Pennsylvania

**Chapter 13 Plan Dated:** December 20, 2019

---

| Part 1: | **Notices** |

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.**

In the following notice to creditors, you must check each box that applies

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit)** | ☑ Included | ☐ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit)** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 9** | ☐ Included | ☑ Not Included |

| Part 2: | **Plan Payments and Length of Plan** |

**2.1   Debtor(s) will make regular payments to the trustee:**

Total amount of **$2,525.00** per month for a remaining plan term of **60** months shall be paid to the trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ _____ | $ **2,525.00** | $ _____ |
| D#2 | $ _____ | $ _____ | $ _____ |

(Income attachments must be used by Debtors having attachable income)   (SSA direct deposit recipients only)

**2.2 Additional payments.**

☐ **Unpaid Filing Fees.** The balance of $____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy court form the first

---

| Debtor | **David J Perla** <br> **Lynn Petrarca-Perla** | Case number | **19-24385** |
|---|---|---|---|

available funds.

Check one.

☑ **None.** If "None" is checked, the rest of § 2.2 need not be completed or reproduced.

**2.3** The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| **Pnc Mortgage** | **11719 Percheron Circle North Huntington, PA** | **$1,909.28** | **$15,716.57** | **12/2019** |

Insert additional claims as needed.

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) will request, *by filing a separate adversary proceeding,* that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed *Amount of secured claim*. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through an adversary proceeding).

| Name of creditor | Estimated amount of creditor's total claim (see Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| **AmeriCredit/GM Financial** | **$11,867.58** | **2011 Ford Fusion** | **$1,250.00** | **$0.00** | ***$1,000.00** | ***5.50%** **In Re Till** | **20.00** |

Insert additional claims as needed.

| Debtor | **David J Perla** | Case number | **19-24385** |
|---|---|---|---|
| | **Lynn Petrarca-Perla** | | |

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☑    **None**. If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

**3.4    Lien avoidance.**

Check one.

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.* **The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked**

**3.5    Surrender of collateral.**

Check one.

☑    **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6    Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| -NONE- | | | | | |

Insert additional claims as needed.

* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

### Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rate on the court's website. It is incumbent upon the debtor(s)' attorney or debtor (if pro se) to monitor any change in the percentage fees to insure that the plan is adequately funded.

**4.3    Attorney's fees.**

Attorney's fees are payable to **Albert G. Reese, Jr., Esquire 93813**. In addition to a retainer of $**1,000.00** (of which $  **500.00**  was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $**3,500.00** is to be paid at the rate of $**318.18** per month. Including any retainer paid, a total of $  **4,000.00**  in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $  **\*Attorney to file Fee App. if Attorney's Fee exceed No Look**  will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐    Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4    Priority claims not treated elsewhere in Part 4.**

☑    **None**. If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.
Insert additional claims as needed

| Debtor | **David J Perla** | Case number | **19-24385** |
|---|---|---|---|
| | **Lynn Petrarca-Perla** | | |

**4.5  Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐ Check here if this payment is for prepetition arrearages only.

| Name of Creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| **None** | | | |

Insert additional claims as needed.

**4.6  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**
Check one.
☑ **None.** If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

**4.7  Priority unsecured tax claims paid in full.**

| Name of taxing authority | Total amount of claim | Type of Tax | Interest rate (0% If blank) | Tax Periods |
|---|---|---|---|---|
| **-NONE-** | | | | |

Insert additional claims as needed.

### Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Debtor(s) ESTIMATE(S) that a total of $**4,640.00** will be available for distribution to nonpriority unsecured creditors.

Debtor(s) ACKNOWLEDGE(S) that a MINIMUM of $**4,640.00** shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **5.00**%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3  Postpetition utility monthly payments.**

**The provisions of Section 5.3 are available only if the utility provider has agreed to this treatment.** These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. The utility may require additional funds from the debtor(s) after discharge.

| Debtor | **David J Perla**  **Lynn Petrarca-Perla** | Case number | **19-24385** |
|---|---|---|---|

| Name of Creditor | Monthly payment | Postpetition account number |
|---|---|---|
| -NONE- | | |

Insert additional claims as needed.

**5.4    Other separately classified nonpriority unsecured claims.**

Check one**.**

☑   **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1   Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

### Part 8: General Principles Applicable to All Chapter 13 Plans

**8.1**   This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2**   Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3**   The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4**    Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5**   Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

Level One:      Unpaid filing fees.
Level Two:      Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments.
Level Three:    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims.
Level Four:     Priority Domestic Support Obligations.
Level Five:     Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
Level Six:      All remaining secured, priority and specially classified claims, and miscellaneous secured arrears.
Level Seven:    Allowed nonpriority unsecured claims.
Level Eight:    Untimely filed nonpriority unsecured claims for which an objection has not been filed.

| Debtor | **David J Perla** | Case number | **19-24385** |
|---|---|---|---|
| | **Lynn Petrarca-Perla** | | |

**8.6** As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if pro se) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7** The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8** Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9** Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10** The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

### Part 9: Nonstandard Plan Provisions

**9.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.** If "None" is checked, the rest of Part 9 need not be completed or reproduced.

### Part 10: Signatures:

**10.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.*

| X | **/s/ David J Perla** | X | **/s/ Lynn Petrarca-Perla** |
|---|---|---|---|
| | **David J Perla** | | **Lynn Petrarca-Perla** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on    **December 20, 2019** | | Executed on    **December 20, 2019** |

| X | **/s/ Albert G. Reese, Jr., Esquire** | Date | **December 20, 2019** |
|---|---|---|---|
| | **Albert G. Reese, Jr., Esquire 93813** | | |
| | Signature of debtor(s)' attorney | | |

```
                           United States Bankruptcy Court
                           Western District of Pennsylvania
In re:                                                           Case No. 19-24385-GLT
David J. Perla                                                   Chapter 13
Lynn Petrarca-Perla
      Debtors                       CERTIFICATE OF NOTICE
District/off: 0315-2          User: nsha                  Page 1 of 3                  Date Rcvd: Dec 23, 2019
                              Form ID: pdf900             Total Noticed: 60


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 25, 2019.
db/jdb         +David J. Perla,    Lynn Petrarca-Perla,    11719 Percheron Cir.,    Irwin, PA 15642-6745
15154846       +Aas Debt Recovery In,    Pob 129,    Monroeville, PA 15146-0129
15174244      ++CONTINENTAL FINANCE COMPANY LLC,    PO BOX 8099,    NEWARK DE 19714-8099
               (address filed with court: Continental Finance,      c/o VERVE,    PO BOX 105125,
                 Atlanta, GA 30348)
15174235       +Capital One Bank,    Midland Funding,    c/o Hayt, Hayt & Landau LLC,
                 123 S. Broad Street, Suite 1660,    Philadelphia, PA 19109-1003
15154850       +Citibank/Exxon Mobile,    Attn: Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
15154851       +Citibank/Goodyear,    Attn: Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
15154852       +Citibank/Sears,    Attn: Bankruptcy,    Po Box 6275,    Sioux Falls, SD 57117-6275
15174247       +Exxon Mobil & Citibank,    PO BOX 6497,    Sioux Falls, SD 57117-6497
15154859       +First PREMIER Bank,    Attn: Bankruptcy,    Po Box 5524,    Sioux Falls, SD 57117-5524
15174253       +Goodyear Tire/ Citibank,    PO Box 6497,    Sioux Falls, SD 57117-6497
15174254       +Greater Pittsburgh Orthopedic,    c/o IC Systems Inc,    PO Box 64378,
                 Saint Paul, MN 55164-0378
15174255       +Home Depot Citibank,    PO Box 6497,    Sioux Falls, SD 57117-6497
15174260       +MABT/CONTFIN,    121 Continental Dr.,    Suite 1,    Newark, DE 19713-4326
15154860       +NTB/CBSD,    Citi Corp Credit Services Centralized Ba,    Po Box 20507,
                 Kansas City, MO 64195-0507
15154862       +Pnc Mortgage,    Attn: Bankruptcy,    3232 Newmark Drive,    Miamisburg, OH 45342-5433
15154864       +Recivable Management Services. LLC,    240 Emery Street,    Bethlehem, PA 18015-1980
15174269       +Sears Citi Bank,    PO Box 6282,    Sioux Falls, SD 57117-6282
15174270       +Sunoco Citibank,    PO Box 6497,    Sioux Falls, SD 57117-6497
15154869       +Target,   Attn: Bankruptcy,    Po Box 9475,    Minneapolis, MN 55440-9475
15174276       +Target Credit,    c/o TD Bank USA,    3701 Wayzata Blvd #MS6C,    Minneapolis, MN 55416-3440
15154871       +USDOE/GLELSI,    2401 International Lane,    Madison, WI 53704-3121
15154870        Udren Law Offices, P.C.,    Woodcrest Corporate Center,    111 Woodcrest Road,    Suite 200,
                 Cherry Hill, NJ 08003-3620
15154872       +Wells Fargo Dealer Services,    Attn: Bankruptcy,    Po Box 19657,    Irvine, CA 92623-9657

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 24 2019 07:50:09
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15154847       +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Dec 24 2019 08:26:44
                 AmeriCredit/GM Financial,    Attn:Bankruptcy,    Po Box 183853,    Arlington, TX 76096-3853
15159694        E-mail/PDF: resurgentbknotifications@resurgent.com Dec 24 2019 07:50:24      CACH, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
15154849       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 24 2019 07:55:54      Capital One,
                 Po Box 30281,    Salt Lake City, UT 84130-0281
15174234       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 24 2019 07:50:07      Capital One,
                 PO Box 30281,    Salt City, UT 84130-0281
15154848       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 24 2019 07:52:55      Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
15174236       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 24 2019 08:26:53      Catherins,
                 c/o Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
15156924       +E-mail/Text: bankruptcy@cavps.com Dec 24 2019 08:27:46      Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
15154853       +E-mail/Text: bankruptcy@firstenergycorp.com Dec 24 2019 08:27:29
                 Collection Service Center, Inc.,    Attn: Bankruptcy,    839 5th Ave.,
                 New Kensington, PA 15068-6303
15174241       +E-mail/Text: BKRMailOps@weltman.com Dec 24 2019 08:27:34      Comenity Bank,
                 c/o Weltman Weinberg & Reis,    PO Box 93596,    Cleveland, OH 44101-5596
15154854       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 24 2019 08:26:53      Comenity Bank/Express,
                 Attn: Bankruptcy,    Po Box 182125,    Columbus, OH 43218-2125
15154855       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 24 2019 08:26:54      Comenity Bank/Lane Bryant,
                 Attn: Bankruptcy,    Po Box 182125,    Columbus, OH 43218-2125
15154857       +E-mail/PDF: creditonebknotifications@resurgent.com Dec 24 2019 07:56:01      Credit One Bank,
                 Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas, NV 89193-8873
15174248       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 24 2019 08:26:54      Fashion Bug,
                 PO Box 182789,    Columbus, OH 43218-2789
15154858       +E-mail/Text: bnc-bluestem@quantum3group.com Dec 24 2019 08:28:00      Fingerhut,
                 Attn: Bankruptcy,    Po Box 1250,    Saint Cloud, MN 56395-1250
15174252       +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 24 2019 07:53:11
                 GE Capital Retail Bank,    c/o Cach, LLC,    4340 S. Monaco St. Unit 2,    Denver, CO 80237-3485
15174251       +E-mail/Text: bankruptcy@cavps.com Dec 24 2019 08:27:46      GE Capital Retail Bank,
                 c/o Calvary Portfolio Services,    PO Box 520,    Valhalla, NY 10595-0520
15174229       +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Dec 24 2019 08:26:44      GM Financial,
                 4001 Embarcadero,    Arlington, TX 76014-4106
15174256       +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:55:49      JC Penney,    c/o Synchrony Bank,
                 PO Box 965007,    Orlando, FL 32896-5007
15174257       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 24 2019 08:26:54      Justice,
                 c/o Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
```

```
District/off: 0315-2          User: nsha              Page 2 of 3                Date Rcvd: Dec 23, 2019
                              Form ID: pdf900         Total Noticed: 60


Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
15174258      +E-mail/Text: bncnotices@becket-lee.com Dec 24 2019 08:26:36      Kohl's,    c/o Capital One,
               PO Box 3115,    Milwaukee, WI 53201-3115
15174259      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 24 2019 08:26:54      Lane Bryant,
               c/o Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
15174261      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 24 2019 08:26:54      Maurices,
               c/o Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
15174262      +E-mail/Text: ebn@ltdfin.com Dec 24 2019 08:26:45      NTB Citibank,   c/o LTD Financial Services,
               7322 Southwest Freeway,    STE 1600,   Houston, TX 77074-2134
15154861      +Fax: 407-737-5634 Dec 24 2019 06:46:08      OCWEN Loan Servicing,    Attn: Bankruptcy,
               1661 Worthington Rd St. 100,    West Palm Beach, FL 33409-6493
15154863       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 24 2019 07:50:10
               Portfolio Recovery,    Attn: Bankruptcy,    120 Corporate Blvd,    Norfold, VA 23502
15171824       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 24 2019 07:52:58
               Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
15174265      +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:55:49      Paypal Smart Account,
               c/o Synchrony Bank,    PO BOX 965005,   Orlando, FL 32896-5005
15154865      +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:52:50      Syncb/PPC,    Attn: Bankruptcy,
               Po Box 965060,    Orlando, FL 32896-5060
15155133      +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:55:49      Synchrony Bank,
               c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
15154866      +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:50:02      Synchrony Bank/Amazon,
               Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
15154867      +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:50:02      Synchrony Bank/TJX,
               Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
15154868      +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:55:50      Synchrony Bank/Walmart,
               Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
15174277      +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:50:02      TJX COS,    c/o Synchrony Bank,
               PO Box 965005,    Orlando, FL 32896-5005
15174280      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 24 2019 08:26:54      Victoria Secret,
               c/o Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
15174281      +E-mail/PDF: gecsedi@recoverycorp.com Dec 24 2019 07:55:49      Walmart/ Synchrony Bank,
               PO Box 965024,    Orlando, FL 32896-5024
15170467      +E-mail/Text: bankruptcy@firstenergycorp.com Dec 24 2019 08:27:29      West Penn Power,
               5001 NASA Blvd,    Fairmont WV 26554-8248
                                                                                              TOTAL: 37

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             PNC BANK, NATIONAL ASSOCIATION
15174230*     +Aas Debt Recovery In,    Pob 129,    Monroeville, PA 15146-0129
15174231*     +AmeriCredit/GM Financial,    Attn: Bankruptcy,    Po Box 183853,    Arlington, TX 76096-3853
15154856*    ++CONTINENTAL FINANCE COMPANY LLC,    PO BOX 8099,    NEWARK DE 19714-8099
               (address filed with court: Continental Finance Company,    Attn: Bankruptcy,    Po Box 8099,
               Newark, DE 19714)
15174245*    ++CONTINENTAL FINANCE COMPANY LLC,    PO BOX 8099,    NEWARK DE 19714-8099
               (address filed with court: Continental Finance Company,    Attn: Bankruptcy,    Po Box 8099,
               Newark, DE 19714)
15174233*     +Capital One,    Po Box 30281,    Salt Lake City, UT 84130-0281
15174232*     +Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
15156926*     +Cavalry SPV I, LLC,    500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
15174237*     +Citibank/Exxon Mobile,    Attn: Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
15174238*     +Citibank/Goodyear,    Attn: Bankruptcy,    Po Box 790034,    St Louis, MO 63179-0034
15174239*     +Citibank/Sears,    Attn: Bankruptcy,    Po Box 6275,    Sioux Falls, SD 57117-6275
15174240*     +Collection Service Center, Inc.,    Attn: Bankruptcy,    839 5th Ave.,
               New Kensington, PA 15068-6303
15174242*     +Comenity Bank/Express,    Attn: Bankruptcy,    Po Box 182125,    Columbus, OH 43218-2125
15174243*     +Comenity Bank/Lane Bryant,    Attn: Bankruptcy,    Po Box 182125,    Columbus, OH 43218-2125
15174246*     +Credit One Bank,    Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas, NV 89193-8873
15174249*     +Fingerhut,    Attn: Bankruptcy,    Po Box 1250,    Saint Cloud, MN 56395-1250
15174250*     +First PREMIER Bank,    Attn: Bankruptcy,    Po Box 5524,    Sioux Falls, SD 57117-5524
15174263*     +NTB/CBSD,    Citi Corp Credit Services Centralized Ba,    Po Box 20507,
               Kansas City, MO 64195-0507
15174264*     +OCWEN Loan Servicing,    Attn: Bankruptcy,    1661 Worthington Rd St. 100,
               West Palm Beach, FL 33409-6493
15174267*    ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
               (address filed with court: Portfolio Recovery,    Attn: Bankruptcy,    120 Corporate Blvd,
               Norfold, VA 23502)
15174266*     +Pnc Mortgage,    Attn: Bankruptcy,    3232 Newmark Drive,    Miamisburg, OH 45342-5433
15174268*     +Recivable Management Services. LLC,    240 Emery Street,    Bethlehem, PA 18015-1980
15174271*     +Syncb/PPC,    Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
15174272*     +Synchrony Bank/Amazon,    Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
15174273*     +Synchrony Bank/TJX,    Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
15174274*     +Synchrony Bank/Walmart,    Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
15174275*     +Target,    Attn: Bankruptcy,    Po Box 9475,    Minneapolis, MN 55440-9475
15174279*     +USDOE/GLELSI,    2401 International Lane,    Madison, WI 53704-3121
15174278*      Udren Law Offices, P.C.,    Woodcrest Corporate Center,    111 Woodcrest Road,    Suite 200,
               Cherry Hill, NJ 08003-3620
15174282*     +Wells Fargo Dealer Services,    Attn: Bankruptcy,    Po Box 19657,    Irvine, CA 92623-9657
                                                                                       TOTALS: 1, * 29, ## 0
```

```
District/off: 0315-2           User: nsha                  Page 3 of 3                  Date Rcvd: Dec 23, 2019
                               Form ID: pdf900             Total Noticed: 60
```

***** BYPASSED RECIPIENTS (continued) *****

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 25, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 23, 2019 at the address(es) listed below:
              Albert G. Reese, Jr.    on behalf of Joint Debtor Lynn  Petrarca-Perla areese8897@aol.com,
               agreese8897@gmail.com;r41196@notify.bestcase.com;agrlaw8897@gmail.com
              Albert G. Reese, Jr.    on behalf of Debtor David J. Perla areese8897@aol.com,
               agreese8897@gmail.com;r41196@notify.bestcase.com;agrlaw8897@gmail.com
              James   Warmbrodt    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 5
```